IN THE UNITED STATES DISTRCIT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER R. VARGAS,

    Plaintiff,

v.

Case No. 18-cv-378

VELO ASSOCIATES, PLC,
d/b/a VELO d/b/a VELO GROUP d/b/a
VELO COLLECT d/b/a VELO LAW OFFICE
d/b/a SEVENTEEN FIFTY CAPITAL d/b/a VLO;
and SCOTT RENNER,

    Defendants.    JURY DEMANDED

## COMPLAINT

### INTRODUCTION

1. Plaintiff, Christopher R. Vargas ("VARGAS" or "PLAINTIFF"), brings this action against Defendants Velo Legal Services, PLC d/b/a Velo d/b/a Velo Group d/b/a Velo Collect d/b/a Velo Law Office d/b/a Seventeen Fifty Capital d/b/a Velo Law d/b/a VLO ("VELO"), and Scott Renner ("RENNER"), for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over VELO and RENNER in this District is proper because:

    a. VARGAS resides in the District; and

    b. Defendants filed or caused to be filed the subject *ex-parte* judgment entered

      against VARGAS within a county located within the District;

    c. Defendants transact business within the District; and

    d. Defendants maintain an office within this District.

## PARTIES

4. VARGAS is a natural person who resides within a Michigan county located within the Western District of Michigan and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Velo Associates, PLC, is a Michigan Company with its principal place of business in Kent County, Michigan, and operates under the following assumed names: Velo Legal Services, PLC, Velo, Velo Group, Velo Collect, Velo Law Office, Seventeen Fifty Capital, Velo Law, VLO.

6. RENNER is an attorney and believed to be the sole member of Velo Associates, PLC, and is responsible for supervising and directing other attorneys and employees, such as paralegals, at VELO.

7. In *Heintz v. Jenkins*, 514 U.S. at 299, 115 S.Ct. 1489, 131 L.Ed.2d 395, the United States Supreme Court made clear that the FDCPA applies to "attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *See also Beler v. Blatt, Hasenmiller, Leibsker & Moore, L.L.C.*, 480 F.3d 470, 472 (7th Cir.2007).

8. A shareholder, owner, officer, member, manager, employee or agent of a corporate debt collector can be held liable for violating the FDCPA, without piercing the corporate veil, by being directly involved in the day-to-day operation of the company, including the training and managing of employees, reviewing or supervising the review of

2

accounts, materially participating in the activities of the company, supervising collection activities, overseeing compliance with applicable collection laws, ratifying unlawful acts, and the like, for the reason that each such individual is himself a "debt collector" within the statutory definition, namely, each is a "person" in a business, "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). *See Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433,435-438 (6th Cir. 2008); *Russell v. Goldman Roth Acquisitions, LLC*, 847 F. Supp. 2d 994, 1004-06 (W.D. Mich. 2012).

9. During all times pertinent hereto, RENNER directly and indirectly participated in the unlawful debt collection practices to collect an alleged debt from Plaintiff that are described in this complaint in violation of state and federal law.

10. RENNER is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. VELO regularly files state court lawsuits seeking to collect a debt that is in default at the time of the filing of the lawsuit on behalf of its clients and therefore is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). *See Heintz v. Jenkins,* 514 U.S. 291, 299 (1995).

**FACTS**

12. On April 3, 2017, the Defendants, on behalf of their state court client, filed an Affidavit of Non-Compliance, and provided the 64-B Court SCAO form MC 10, entitled JUDGMENT CIVIL ("Civil Judgment Form"). (Exhibit A)

13. The Civil Judgment Form was not agreed to.

14. The Civil Judgment Form was signed by either RENNER or an agent acting on RENNER's and/or VELO's behalf.

15. The Civil Judgment Form had the following bracketed areas checked or otherwise marked:

   a. [X] JUDGMENT

   b. [/] Consent

   c. [X] The statutory rate of 2.4260 % from 04/21/2016 to 03/30/2017.
   (Exhibit A).

16. On April 5, 2017, the District Court Judge signed the Civil Judgment Form provided by the Defendant, entering a judgment against VARGAS in the amount of $1128.22.

17. The 64-B District Court signed the Certificate of Mailing and dated it April 7, 2017.

18. Plaintiff filed a Motion for Relief from Judgment in the 64-B District Court on or about April 19, 2017.

19. Plaintiff's motion for relief addressed the Defendants' conduct in obtaining a judgment through *ex parte* filings with the 64-B District Court which prevented VARGAS from contesting the matter before the judgment was entered, and for Defendants' claim for interest not allowed by statute.

20. VARGAS incurred a fee of $20.00 for filing his motion for relief in the 64-B District Court, and Plaintiff's attorney expended compensable time in regard to the motion and the hearing.

21. Defendants in its response to the state court motion for relief noted, in part, that, "Michigan law allows for post-judgment interest to accrue on judgments." (Exhibit B).

22. Defendants additionally stated in the same response, in part, "Under MCL 600.6013, post-judgment interest rates are recalculated every six months – beginning on January 1st. MCL 600.6013(8) allows for interest 'from the date of filing the complaint.'" (Id.)

23. Defendants claimed Plaintiff's motion was in part, "at the very least frivolously brought." (Id.)

24. Defendant' response in the 64-B District, in part, sought "attorney fees in the amount of $500.00 pursuant to MCR 2.625 and MCL 600.2591…." (Id.)

25. The 64-B District Court held a hearing on Plaintiff's motion for relief on May 23, 2017.

26. The 64-B District Court granted Plaintiff's motion for relief and indicated that the April 25, 2016, was the date of filing of the 64-B Suit, and applied the correct six-month interest rates under Michigan law. (Exhibit C).

**COUNT I**

27. Plaintiff incorporates and alleges the above paragraphs herein.

28. Defendants attempted to collect an amount not owed by Plaintiff when Defendants sought interest from a date prior to the filing of the complaint on the judgment dated April 5, 2017.

29. Defendants attempted to collect an amount not owed by Plaintiff when Defendants sought interest in the amount of 2.4260% for the period 04/21/2016 to 03/30/2017, when statutory interest was 2.4260% only from January 1, 2017 through the date the judgment was signed.

30. 15 U.S.C. §§ 1692f, f(1) provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

31. Defendants violated 15 U.S.C. §§ 1692f, f(1).

WHEREFORE, Plaintiff requests that the Court to enter an order finding Defendants each to have violated the FDCPA, enter a judgment in favor of Plaintiff for statutory damages, actual damages and attorney's fees and costs of suit as allowed by the FDCPA.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

| | |
|---|---|
| Curtis C. Warner (P59915) | B. Thomas Golden (P70822) |
| WARNER LAW FIRM, LLC | GOLDEN LAW OFFICES, P.C. |
| 350 S. Northwest HWY., Ste. 300 | 318 E. Main St., Ste. L, P.O. Box 9 |
| Park Ridge, IL 60068 | Lowell, Michigan 49331 |
| (847) 701-5290 | (616) 897-2900 |
| cwarner@warner.legal | btg@bthomasgolden.com |

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

| | |
|---|---|
| Curtis C. Warner (P59915) | B. Thomas Golden (P70822) |
| WARNER LAW FIRM, LLC | GOLDEN LAW OFFICES, P.C. |
| 350 S. Northwest HWY., Ste. 300 | 318 E. Main St., Ste. L, P.O. Box 9 |
| Park Ridge, IL 60068 | Lowell, Michigan 49331 |
| (847) 701-5290 | (616) 897-2900 |
| cwarner@warner.legal | btg@bthomasgolden.com |