# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER VARGAS, <br><br> Plaintiff, <br><br> v. <br><br> VELO ASSOCIATES, PLC, et al., <br><br> Defendants. | Case No. 18-cv-00378-PLM-RSK <br><br> Hon. Paul L. Maloney |

## JOINT STATUS REPORT

1. <u>Jurisdiction:</u> The basis for the Court's jurisdiction is:

    Jurisdiction of this Court arises under 15 U.S.C. §1692(k), 28 U.S.C. § 1331.

2. <u>Jury or Non−jury:</u> This case is to be tried before a jury.

3. <u>Judicial Availability:</u> The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statements of the Case:</u>

    **Plaintiff's statement of the case:**

    Plaintiff brings this action against Defendants for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f, which prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt, and § 1692f(1), which specifically prohibits the collection of any amount unless the amount is expressly authorized by the agreement creating the debt or permitted by law.

Defendants obtained an *ex parte* judgment against Plaintiff in the 64-B District Court by representing that the judgment was filed with "consent." Defendants' filing of the *ex parte* judgment prevented Plaintiff from contesting the matter until he received the judgment from the 64-B District Court.

When Plaintiff sought relief in the state court, Defendants responded by seeking "attorney fees in the amount of $500.00" and claimed Plaintiff's motion was "at the very least frivolously brought." The 64-B District Court rejected Defendants' arguments, granted Plaintiff's motion for relief, denied Defendants' request for attorney fees, applied the correct six-month interest rates, and found that Defendants' complaint was filed on April 25, 2016.

Defendants violated the FDCPA by (1) attempting to collect an amount not owed by Plaintiff when Defendants sought interest from a date prior to the filing of the complaint on the judgment dated April 5, 2017; and (2) when Defendants attempted to collect an amount not owed by Plaintiff when Defendants sought an interest rate of 2.4260% for the period 04/21/2016 to 03/30/2017, when the statutory interest was 2.4260% from only January 1, 2017 through the date of the judgment.

**Defendants' statement of the case:**

As a threshold matter, Defendants contend that Plaintiff's claims are barred under the doctrine of res judicata. Plaintiff previously filed an action in this court, *Vargas v. Velo Associates, P.L.C. et al.*, Case No.: 17-cv-00295-JTN-ESC ("Vargas I"), which was resolved on the merits. The claims in this case involve the same parties and arise out of the same subject matter. Defendants respectfully submit that, as a matter of judicial economy, the Court should rule on this threshold issue as soon as practicable.

In the event Plaintiff's claims are not barred, Defendants otherwise deny that they violated the law or are liable to Plaintiff in any amount. Defendants' alleged violation of law, if any, is the result as an unintentional, bona fide error that occurred notwithstanding procedures reasonably adapted to prevent any such error.

5. <u>Prospects of Settlement:</u> The parties will discuss settlement as appropriate. Whether Plaintiffs' claims are, in fact, barred necessarily impacts settlement prospects from Defendants' perspective.

6.  <u>Pendent State Claims:</u> This case does not include pendent state claims.

7.  <u>Joinder of Parties and Amendment of Pleadings:</u> The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **August 31, 2018.**

8.  <u>Disclosures and Exchanges:</u>

    (a) Fed.R.Civ.P. 26(a)(1) requires initial disclosures, including any lay witness identification, unless the court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

    Disclosures shall be made by each party on or before **July 27, 2018.**

    (b) The plaintiff expects to be able to furnish the names of plaintiff's expert witnesses(es) by 90 days before the date of trial. The defendants expect to be able to furnish the names of defendants' expert witness(es) by 60 days before the date of trial.

    (c) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports if required, should be exchanged according to the following schedule:
    a.  Plaintiff 90 days before the date of trial; and
    b.  Defendants 60 days before the date of trial.

    (d) The parties have agreed to make available the following documents without the need for a formal discovery request for production:

    The parties have not agreed upon voluntary production.

9.  <u>Discovery:</u> As set forth above, Defendants believe that the Court's determination concerning whether Plaintiff's claims are barred by res judicata is a threshold legal issue that can and should be decided prior to engaging in protracted discovery. As such, Defendants respectfully submit that discovery should be stayed or limited.

3

Plaintiff, in turn, believes that all discovery proceedings can be completed by **January 22, 2019**.

The parties, otherwise, agree to the presumptive limitations as described in the Court's Order dated June 5, 2018. (ECF No. 8).

10. <u>Disclosure or Discovery of Electronically Stored Information:</u> The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

> The parties do not anticipate any disputes regarding ESI. The Parties agree to abide by the applicable rules should the need arise. Further, the parties agree to work together to overcome any ESI obstacles prior to involving the court in any such disputes.

11. <u>Assertion of Claims of Privilege or Work−Product Immunity After Production:</u>

> Inadvertent production of otherwise privileged documentation shall not be deemed a waiver of its privileged status. A party may "claw back" such production by notifying the other party of its inadvertent production, and the grounds for the assertion of privilege or work-product protection, as soon as possible after the producing party discovers the inadvertent production, at which point the receiving party shall cease further examination of the material and return and/or destroy the inadvertently produced document or documents.

12. <u>Motions:</u> The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

Defendants anticipate filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as soon as practicable. Should Plaintiff's claims survive, Defendants may file a motion for summary judgment pursuant to Fed. R. Civ. P. 56 at or near the close of discovery.

Plaintiff currently anticipates filing a motion for summary judgment after discovery is completed.

The parties anticipate that all dispositive motions will be filed on or before **March

**4, 2019**.

13. Alternative Dispute Resolution: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

> The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:
>
> Plaintiff desires voluntary facilitative mediation at or near the close of discovery.
>
> Defendants believe that a settlement conference with the magistrate judge is most appropriate. Notably, the parties successfully resolved Vargas #1 with the assistance of Magistrate Judge Green.

14. Length of Trial: Counsel estimate the trial may last approximately two full days, allocated as follows: one day for plaintiff's case, one day for defendant's case, and zero days for other parties.

15. Electronic Document Filing System: Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

16. Other: Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

> A. The parties believe that a Rule 16 Scheduling conference **is** necessary.

Respectfully submitted,

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
GOLDEN LAW OFFICES, P.C.
Attorney for the Plaintiff
318 E. Main St., Ste. L
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900


/s/ Katrina M. DeMarte, Esq
Katrina M. DeMarte
Charity A. Olson
Brock & Scott, PLLC
2723 S. State Street, Suite 150
Ann Arbor, Michigan 48104
(734) 222-5179
Katrina.demarte@brockandscott.com
Charity.Olson@brockandscott.com